MARY E. VAWTER *et al.* V. SARAH NEWMAN.

No. 14,679. (86 Pac. 135.)

SYLLABUS BY THE COURT.

1. CONVEYANCES — *Gift — Estate Conveyed — Construction of Deed.* In the construction of a deed of land to determine whether it conveys to the grantee title in fee simple or a life-estate, with remainder to his children, the deed being intended as a gift of the land, not only the language of every part of the deed but the relationship of the parties, and especially the purpose of the donor, should be considered.

2. ——— *Intention of Donor.* The donor may do what he pleases with his own, and in the construction of his deed effect should if possible be given to his evident intent therein, as derived from the language used.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed July 6, 1906. Affirmed.

*Hazen & Gaw,* for plaintiffs in error.

*J. P. McLaughlin,* and *Wheeler & Switzer,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: By the agreed statement of facts in this case it appears that in 1886 J. D. Vawter, with his wife, executed and delivered to his son, James E. Vawter, as a gift, a deed to certain land. It is said in the brief of the plaintiffs in error:

"If that deed conveys a life-estate to James E. Vawter, with remainder to his children, then it will be conceded that the judgment of the trial court should be affirmed, but if the deed conveys title in fee simple to James E. Vawter, or conveys a life-estate to James E. Vawter with remainder to his heirs, then the judgment of the trial court must be reversed."

In the brief of the defendant in error it is said that "this deed conveys either a life-estate or a fee-simple estate to James E. Vawter."

The following is a copy of the deed, so far as is neces-
sary for the construction thereof:

"This indenture, made this 25th day of February,
A. D. 1884, between J. D. Vawter, of Shawnee county,
in the state of Kansas, of the first part, and James E.
Vawter, during his natural life and after his death to
his children, of Osage county, in the state of Kansas,
of the second part, witnesseth:

"That said party of the first part, in consideration
of the sum of one dollar, the receipt of which is hereby
acknowledged, does by these presents grant, bargain,
sell and convey unto said party of the second part,
his heirs and, all the following described real estate
[describing the land]; to have and to hold the same,
together with all and singular the tenements, heredita-
ments and appurtenances thereunto belonging or in
any wise appertaining, forever; and said J. D. Vawter,
for himself, his heirs, executors or administrators,
does hereby covenant, promise and agree to and with
said party of the second part, that at the delivery of
these presents he is lawfully seized in his own right
of an absolute and indefeasible estate of inheritance
in fee simple of and in all and singular the above-
granted and described premises, with the appurte-
nances; that the same are free, clear, discharged and
unencumbered of and from all former and other grants,
titles, charges, estates, judgments, taxes, assessments
and encumbrances of what nature or kind soever; and
that he will warrant and forever defend the same unto
said party of the second part, his heirs, against said
party of the first part, his heirs, and all and every per-
son or persons whomsoever, lawfully claiming or to
claim the same."

Much controversy and contrariety of opinion have
been exhibited in the books as to which should govern
when one of the formal parts of a deed indicates one
purpose of the grantor and another seemingly indicates
a different purpose. This court has taken little or no
part in the controversy. The rule here followed is
well stated in the opinion in *Palmer v. Blodgett*, 60
Kan. 712, 57 Pac. 947, as follows:

"Modern theories, however, put deeds of real estate,
for purposes of construction of their terms, in the list

with all other kinds of written contracts, and they endeavor to ascertain the intent of the parties executing them more from the language of the whole instrument than from the relative positions of the different parts or clauses." (Page 714.)

A gift by deed, like a will, should be construed not only with reference to the language used in all its parts, but also especially with reference to the purpose of the donor. The grantee or grantees in this case gave no consideration for the conveyance, and hence his or their intent is of little or no consequence. The donor had a right to do what he pleased with his own. (*Williams v. McKinney*, 34 Kan. 514, 9 Pac. 265.)

Looking at the deed in this view we have no doubt that the donor intended to convey a life-estate in the land in question to his son, James E. Vawter, with remainder to the children of James E. Vawter.

The judgment of the district court is affirmed.

All the Justices concurring.