PAULINE KENDALL et al., Appellees, v. ANNA PARSONS, Appellant.

No. 16,086.

DEEDS—*Husband and Wife—Construction—Remainder—Provision Not Repugnant.* A deed to a husband and wife contained a stipulation that after their death the land should inure to the heirs of the latter. The husband survived the wife. It was held that upon his death the title passed to the heirs of the wife, to the exclusion of all other persons, including the heirs of the husband.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed June 5, 1909. Affirmed. Rehearing allowed July 3, 1909. Reaffirmed November 10, 1909. No opinion on the rehearing.

*A. J. Graham,* and *F. C. Johnson,* for the appellant.
*O. P. Fuller,* for the appellees.

*Per Curiam:* This is a suit to quiet title to a quarter section of land in Cowley county. The plaintiffs recovered a judgment against the defendant, Anna Parsons, who appeals. The facts, which are agreed to, are in substance as follow: On September 20, 1884, the land in question belonged to Amanda E. Gilman and her husband. On that date they conveyed the land by general warranty deed to Edward Parsons and Mary O. Parsons, his wife. The grantees entered into possession, which they held until their deaths. The deed was in the usual form, with the exception that it contained

a stipulation immediately following the granting clause in these words:

"And it is hereby stipulated and agreed by and between all of said parties that at the death of the aforesaid Mary O. Parsons and Edward Parsons the aforesaid land shall inure to the heirs of the said Mary O. Parsons."

Mary O. Parsons died August 21, 1891. Edward Parsons died March 26, 1906, but the year prior to his death he married the defendant, Anna Parsons. No children were born to either of his marriages.

The controversy is over the construction of this conveyance. The plaintiffs claim title as the only heirs at law of Mary O. Parsons. The defendant contends that the stipulation in the deed is a repugnant clause, and of no force or validity. She claims title to the land as the heir of Edward Parsons, her contention being that Edward Parsons became the owner of an undivided half interest in the land by the terms of the deed and inherited the other half at the death of Mary O. Parsons, and that she (the defendant) inherited the land from her husband, since he died intestate and left her his sole surviving heir. If the clause which we have quoted from the deed is not void as repugnant, the judgment must be affirmed.

The tendency of modern decisions is to ignore technical rules of construction in deeds of conveyance, as in wills, and to discover the intent of the parties; if that can be determined, to give it effect. (*Palmer v. Blodgett,* 60 Kan. 712; *Vawter v. Newman,* 74 Kan. 290; *Nolan v. Otney,* 75 Kan. 311.) The principle of these cases is controlling, and in applying that principle to the conveyance here we hold the clause in question not repugnant. The obvious intent of the parties was that on the death of Mary O. Parsons and Edward Parsons the title should pass to the heirs of Mary O. Parsons, to the exclusion of all other persons, including the heirs at law of Edward Parsons. We deem it unnecessary to

13—81 KAN.

consider the propositions urged by the defendant, as they are fully discussed in the cases we have cited.

There was sufficient evidence to sustain the findings that the plaintiffs are the sole heirs at law of Mary O. Parsons. Proof of actual delivery and acceptance before the death of the grantees was unnecessary. (*Nolan v. Otney,* supra.) Besides, the prosecution of this suit is sufficient evidence of acceptance.

The judgment is affirmed.