Abbott v. Perkins.

---

GEO. B. ABBOTT, *Appellant,* v. J. C. PERKINS et al. (LYDIA A. DOYLE et al., *Appellees*).

No. 18,278.

SYLLABUS BY THE COURT.

DEED—*Conveys Life Estate—Without Power to Alienate or Encumber It.* A deed recited that the first parties, for and in consideration of love and affection for the second party, their daughter, and to furnish support for her, did sell a certain tract of land, describing it, "unto the said party of the second part for life and upon her decease unto her children should she die leaving issue absolutely and should she die leaving no issue then unto the heirs of the party of the first part. The said land and premises to be held by the said Lydia Ann Abbott solely under and by virtue of these presents without

power to her to sell, mortgage or convey any interest in the said premises, nor to sell or incumber her life interest therein." *Held*, that the instrument conveyed only a life estate in the land without power in the grantee to alienate or encumber it; and *held*, further, that the provision restricting the power of the grantee to sell, mortgage or encumber the land is not inconsistent with the grant nor invalid because of repugnancy.

Appeal from McPherson district court. Opinion filed June 7, 1913. Affirmed.

*Frank O. Johnson,* of McPherson, for the appellant.

*G. F. Grattan,* and *J. M. Grattan,* both of McPherson, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to foreclose a mortgage. In 1879 the parents of Lydia A. Doyle, the principal appellee, deeded to her certain land by an instrument reading as follows:

"This Indenture Made this 18 day of June A. D. 1879 by and between T. H. Abbott and Hulda L. Abbott his wife of the first part and Lydia Ann Abbott of the second part.

"Witnesseth, That the said parties of the first part for and in consideration of the love and affection borne by them to their daughter Lydia Ann Abbott and for the purpose of furnishing support for the said Lydia Ann Abbott have sold and by these presents do sell unto the said party of the second part all that piece and parcel of land situated in the County of McPherson and State of Kansas to wit: the South East quarter (S E ¼) of Section numbered Twenty-eight (28) Township No. Twenty-one (21) South of Range One (1) West. Save and except one half acre in the North East corner of said tract contracted and conveyed by parties of the first part for a School house site. Unto the said party of the second part for life and upon her decease unto her children should she die leaving issue absolutely and should she die leaving no issue then unto the heirs of the party of the first part. The said land and premises to be held by the said Lydia Ann Abbott solely under and by virtue of these presents

Abbott v. Perkins.

without power to her to sell, mortgage or convey any interest in the said premises, nor to sell or incumber her life interest therein.

"And the said parties of the first part especially Warrant and Defend the title to said premises against the lawful claims of all persons claiming through or under them.

"In Witness Whereof the said parties of the first part have hereunto set their hands the day and year first above written.

"In presence of

| "George Dennis | T. H. Abbott |
| "Rachel Dennis" | Hulda L. Abbott" |

Shortly afterward appellee, Mrs. Doyle, then Lydia Ann Abbott, married John Boyd and moved onto the land. Two children, Bessie Boyd Cole and Florence Boyd Wright, were born to them. In 1884, on the application of appellant, she was adjudged insane and sent to the state hospital at Osawatomie, and appellant, her brother, was appointed as guardian. During his guardianship the land was sold for taxes and the tax sale certificate issued to him was assigned to his children. After appellee's release from the hospital she returned home and, as it is claimed, was induced by the appellant to make guardian deeds for the land without permission from the court, deeding eighty acres of the land to the appellant and the other eighty acres to herself. There was the further allegation and claim that the deed to appellant was recorded and that the one to herself was destroyed by him. In September, 1888, a tax deed for the land was issued to appellant's children on the tax certificate, and appellee, in December, 1889, began an action to annul the tax deed. It is claimed that she was induced to drop the action and to make a quitclaim deed for the land to another brother, Handsel A. Abbott, with the understanding that he should hold the land for her. The consideration named was $1000, but appellee claims to have received nothing. Handsel A. Abbott abandoned all claim to the

land in the spring of 1890, it is claimed, and since that time appellee has been in possession of the land and residing thereon with her family. In 1895 Mrs. Doyle, then Mrs. Boyd, was again adjudged insane and sent to the hospital. She was discharged in 1898 and returned to her home on the land herein involved. In the meantime Handsel A. Abbott had transferred the land to one J. C. Perkins, who gave a mortgage on it, due in five years, to Wm. P. Phelps. Appellee secured a divorce from Mr. Boyd and married Mr. Doyle. This mortgage was transferred to the appellant, and on November 26, 1909, he brought this action of foreclosure.

When the case came on for trial the parties stated their claims under the pleadings, and after some inquiries by the court and a conference with counsel it was concluded that the reception of evidence was unnecessary, as the result of the litigation must turn on the interpretation of the instrument executed by the parents of Mrs. Doyle in 1879. On one side it was contended that the instrument conveyed only a life estate without power to convey any interest in the land or to encumber it, while the other side claimed that the granting clause conveyed the title to the land to the grantee and that the latter clause, which purported to restrict alienation and the right to encumber was repugnant to the grant made in the premises and was therefore void. No good reason can be seen for treating the clauses of the instrument as independent provisions or for setting one up in opposition to another. The limitations or qualifications of the interest granted is in the granting clause itself. It is therein expressly stated that the grant is for life, at the end of which the fee is to go to others, and included in the same clause and expression is the plain qualification that the use transferred does not carry with it the power to convey or mortgage the land nor even to sell or encumber the life interest transferred. Even under the old arbitrary

rule which treats the habendum of a deed as something distinct from the other parts of the instrument, there is no ground for a claim of repugnancy here, as the premises of the instrument do not purport to transfer any more than an inalienable and nonmortgageable life estate. Besides that, the rule is well established by many decisions of our court that a deed should be construed like any other instrument or written contract, that the true test is the intention of the makers, and that all parts of it are to be considered in ascertaining that intention. (*Williams v. McKinney*, 34 Kan. 514, 9 Pac. 265; *Lacy v. Comstock*, 55 Kan. 86, 39 Pac. 1024; *Palmer v. Blodgett*, 60 Kan. 712, 57 Pac. 947; *Vawter v. Newman*, 74 Kan. 290, 86 Pac. 135; *Nolan v. Otney*, 75 Kan. 311, 89 Pac. 690; *Kendall v. Parsons*, 81 Kan. 192, 105 Pac. 25; *Dyson v. Bux*, 84 Kan. 596, 114 Pac. 1092.)

Other facts and circumstances unite in making clear the purposes of the donors in the gift of the land to their daughter. As will be observed, the consideration of the deed is love and affection and for the purpose of providing for the daughter's support. She appears to have been greatly in need of protection, and evidently her parents understood her weakness of body and mind when they provided that she should have the use of the property without the power to alienate or encumber it. It is said she was stricken with paralysis when about two years of age, and the subsequent events have shown that the plan for her protection was wisely made and that the restrictions on alienation were necessary to the welfare of the donee.

The subsequent conveyances made by her are without validity, and there are no good grounds for invoking the doctrine of estoppel against her. The judgment of the district court will be affirmed.