No. 19,189.

MARY BROADDUS KIRBY, *Appellee*, v. ANNE LEE BROADDUS, *Appellant*.

SYLLABUS BY THE COURT.

CONVEYANCES—*Rule in Shelley's Case Applies to Deeds in this State.* The rule in *Shelley's Case*, except as applied to wills, is a part of the common law of this state, and therefore a deed to a named grantee for life, with a provision that at his death the title shall vest in his heirs, enables him to make an effective conveyance of the fee.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed January 9, 1915. Affirmed.

*Walter E. Brown,* of Atchison, for the appellant.

*W. P. Waggener,* and *J. M. Challis,* of Atchison, for the appellee.

The opinion of the court was delivered by

MASON, J.: Mrs. Mary A. Broaddus executed to her sons, J. Norris Broaddus and John W. Broaddus, a warranty deed, which was in the usual form, excepting that after the description of the property it contained these provisions:

"This conveyance is made upon the following con-

ditions: First, said grantor reserves a life estate in said premises to herself; second, said grantor hereby conveys and intends to convey to said J. Norris Broaddus and John W. Broaddus, a life estate only in said premises after the expiration of the life estate of the grantor in said premises and upon the death of said J. Norris Broaddus and John W. Broaddus the fee to the premises herein described shall vest absolutely in the heirs of said J. Norris Broaddus and John W. Broaddus."

Thereafter J. Norris Broaddus (his wife joining) and John W. Broaddus (unmarried) reconveyed the property to their mother (now Mrs. Kirby), who brought an action to quiet her title against Anne Lee Broaddus, the minor daughter of J. Norris Broaddus. An answer was filed in behalf of the defendant, asserting that by reason of the facts already stated she had a vested interest as remainderman, her father having taken only a life estate under the deed from his mother. A demurrer to the answer was sustained, and an appeal is taken from that ruling.

The question presented is whether the conveyance from Mary A. Broaddus vested in J. Norris Broaddus and John W. Broaddus a title in fee or merely a life estate with a remainder to their heirs, and this depends upon whether the rule in *Shelley's Case* is in force in this state as applied to deeds. The argument is made for the appellant that the rule in the Shelley case is no part of the common law of Kansas, not being adapted to the conditions and wants of our people, the reasons for it having no place under our system. The rule is sometimes said to have been founded solely upon principles of feudal law that have no application in this country, but more substantial grounds for it have also been stated. While it has been denounced by some authorities as arbitrary and unreasonable, it has been commended by others as well founded, and as accomplishing good results. The rule in substance is this: Where a conveyance is made to one for his life with a

4—94 KAN.

provision that at his death the title shall pass to his "heirs," the grantor is conclusvely presumed to intend that upon the death of the grantee named the title shall pass not only in accordance with, but by virtue of, the law of descents; and having chosen to vest an inheritable estate in such grantee, the grantor can not, by describing it as one for life only, effectively forbid the grantee's alienation of the fee. There is a reasonable basis for saying that the real intention of the grantor in such case is that upon the death of the grantee the new owners shall derive their title by inheritance. He obviously has in mind no particular beneficiaries of his own grant. He is content that the law, as it shall exist when the grantee dies, whatever it may be, and however it may have been changed since the execution of the deed, shall determine the disposition of the title. His essential purpose is as the rule interprets it—to vest the fee in the grantee, but to disable him from alienating it. This he can not do, and the attempted restriction in ineffective. (13 Cyc. 687; Note, 3 L. R. A., n. s., 668; see, also, *Durand v. Higgins,* 67 Kan. 110, 72 Pac. 567; *Brady v. Fuller,* 78 Kan. 448, 96 Pac. 854; *Howe v. Howe,* post p. 67).

"Upon the absolute transfer of an estate, the grantor can not, by any restrictions or limitations contained in the instrument of transfer, defeat or annul the legal consequences which the law annexes to the estate thus transferred. If, for instance, upon the transfer of an estate in fee, the conveyance should provide that the estate thereby conveyed should not be subject to dower or to curtesy, or that it should not descend to the heirs general of the grantee upon his dying intestate, or that the grantee should have no power of disposition over it, the provision, in either of these cases, would clearly be inoperative and void, because the act or thing forbidden is a right or incident which the law annexes to every estate in fee simple, and to give effect to such provisions would be simply permitting individuals to abrogate and annul the law of the state by mere private contract. This can not be done." (*Steib v. Whitehead,* 111 Ill. 247, 251.)

Since at this time one can not convey a fee simple in land and at the same time forbid its alienation by the grantee, there is nothing archaic in holding that he can not (without legislative authority) accomplish exactly the same result by merely calling the title he bestows a life interest.

The wisdom of the rule need not be discussed. Its history and operation are elaborately considered in a series of cases, with an accompanying Note, in 29 L. R. A., n. s., 935, 963. It is a well-recognized part of the common law which has been adopted in this state. (Gen. Stat. 1909, § 9850.) In *Peck v. Ayres,* 79 Kan. 457, 100 Pac. 283, it was said that the rule has been abrogated here, but there the title created by a will was under consideration. In *Bunting v. Speek,* 41 Kan. 424, 21 Pac. 288, it was said:

"The rule in *Shelley's Case,* which was a part of the common law, has been repealed or altered by all the states except in Maryland, Georgia, Texas, Indiana, and Pennsylvania. In this state, however, it [the repeal] affects wills only. . . . When this devise took effect, the rule in *Shelley's Case* was in force in this state; but by revision of 1868, chapter 117, § 52, it was abrogated so far as wills are concerned." (pp. 435, 437.)

The partial repeal of the rule in *Shelley's Case* (Gen. Stat. 1909, § 9829) was effected by a section of a new chapter on wills, adopted at the time of the general revision of the statutes in 1868. At the same session of the legislature, and as a part of the same general plan, the entire law of conveyances was revised. If it had been the purpose to do away with the rule entirely it seems clear that a provision on the subject would have been inserted in the chapter relating to deeds. The abrogation of the rule so far as wills were concerned was a recognition of its existence, and proves that the matter engaged the attention of the lawmaking body. That no change was made in this respect in the statute regarding conveyances

seems to demonstrate that the legislature at that time was satisfied with the operation of the rule so far as it affected deeds.

The judgment is affirmed.