Moherman v. Anthony.

No. 22,517.

BELLE P. MOHERMAN, *Appellant*, V. HENRY ANTHONY,
*Appellee.*

SYLLABUS BY THE COURT.

1. CONVEYANCE—*Granting Clause Construed—Deed Conveyed Land to Plaintiff and Her Children.* A deed in its granting clause purported to convey a tract of land to plaintiff and her children, as parties of the second part, for a stated consideration, which they had paid. Four children were alive when the deed was made and could be readily identified. In a later clause of the deed it was stated that all the interest and title of the grantors was conveyed, adding:

"To have and to hold the same with the appurtenances unto the said Belle P. Moherman, for and during her natural life only, and upon her death then to her children in equal shares, their heirs and assigns forever. If any of the children of said Belle P. Moherman should die before their said mother, then the share of such deceased child shall vest in his or her lawful heirs. If the said Belle P. Moherman at her death shall leave no child or descendant of any child, then said real estate shall revert to the grantor," etc.

*Held*, that the instrument did not come within the rule in Shelley's case, and further, that under the instrument the plaintiff did not acquire the fee in the land conveyed.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed March 6, 1920. Affirmed.

*F. A. Waddle*, of Ottawa, for the appellant.

*W. B. Pleasant*, of Ottawa, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Belle P. Moherman to recover damages from Henry Anthony resulting from the operation and transfer of an oil and gas lease which she had executed to the defendant. A first trial resulted in a verdict and judgment for plaintiff, and on a former appeal that judgment was reversed. In that appeal the terms of the lease, the character and results of the operation by the defendant, as well as the transfer of the lease to a third party, were set forth. (*Moherman v. Anthony*, 103 Kan. 500, 175 Pac. 676.) After the case was remanded the plaintiff amended her petition and alleged that the lease in controversy was of the

value of $6,000. The defendant amended his answer, setting forth defects in the plaintiff's title to the land leased, a lack of right in her to execute the lease, and adding that he did not discover the defects and want of right to lease until November 1, 1918. He undertook to show that the plaintiff sustained little, if any, damages because of his action in operating and in finally disposing of the lease to another. On the second trial the controversy centered on the value of the lease, which depended to a great extent on the interest and title held by the plaintiff in the land leased to the defendant. The trial resulted in a verdict for plaintiff, but the court set aside the verdict and granted a new trial on the sole ground that error had been committed in the instructions given to the jury.

It appears that the court submitted the case to the jury on the theory that plaintiff was the owner of the fee in the land and entitled to recover damages on that basis, and refused to instruct the jury as to her right of recovery upon the theory that she only owned an undivided one-fifth interest in the land with a life estate in the remaining four-fifths of it. Upon further consideration the court concluded that the plaintiff did not hold the fee or complete title to the land, but that the conveyance under which she held, "vested in the plaintiff a one-fifth interest in the real estate in question in fee, and a one-fifth interest in each of her four living children, hence the error and the motion for a new trial should be sustained for that error, and that error only."

The interest of the plaintiff is to be measured by the terms of the following instrument:

"This Indenture, made this 2d day of March, in the year of our Lord, one thousand nine hundred and one, between Charles Bosworth and Mary Bosworth, his wife, of Peoria Township, in the county of Franklin and State of Kansas, of the first part, and Belle P. Moherman, and her children of the same place, of the second part.

"Witnesseth, That said parties of the first part, in consideration of the sum of two thousand dollars, to them duly paid, the receipt whereof is hereby acknowledged, have sold, and by these presents do grant and convey unto said parties of the second part, their heirs and assigns, all that tract and parcel of land situated in the county of Franklin and State of Kansas, and described as follows, to wit:

"The south half of the southwest quarter of section 21, in township sixteen, of range twenty-one, with all the estate, title, and interest of the said parties of the first part therein. To have and to hold the same

with the appurtenances unto the said Belle P. Moherman, for and during her natural life only, and upon her death then to her children in equal shares, their heirs and assigns forever. If any of the children of said Belle P. Moherman should die before their said mother, then the share of such deceased child shall vest in his or her lawful heirs.

"If the said Belle P. Moherman at her death shall leave no child or descendant of any child, then said real estate shall revert to the grantor, Charles Bosworth, and his heirs.

"And the said Charles Bosworth and Mary E. Bosworth, do hereby covenant and agree, that at the delivery hereof, they are the lawful owners of the premises above granted, and seized of a good and indefeasible estate of inheritance, free and clear of all incumbrances, and that they will warrant and defend the same in the quiet and peaceful possession of the said parties of the second part, their heirs and assigns forever, against all persons lawfully claiming the same."

The plaintiff insists that the deed in effect granted the land to her and the heirs of her body, and in the event there was no surviving issue the land was to revert to the grantor. She invokes the rule in Shelley's case, and contends that under it she obtained the fee to the land and was entitled to damages on the basis of complete ownership. While that rule is a part of the common law of Kansas, it is plain that the deed in question does not come within the unbending application of the rule. (*Kirby v. Broaddus*, 94 Kan. 48, 145 Pac. 875.) Under the deed the children do not acquire their interest as heirs of their mother, but by original agreement with the grantor. They take by purchase, and not by descent. When the conveyance was made, the plaintiff had four children, and although not specifically named, the evidence left no doubt of their identity. It is recited that the plaintiff and the children resided in Peoria township, Franklin county, Kansas, and all of them are described as parties of the second part. It is expressly stated that for a consideration of $2,000 which had been paid, the grantors had sold, granted and conveyed the land to the parties of the second part. It is not conveyed to the plaintiff and the heirs of her body, but the grant is made directly to the parties of the second part, which includes the four children, thus describing all five of them as grantees. To make it clear that the grant was not to plaintiff alone, it was expressly conveyed to the parties of the second part, *their* heirs and assigns. In a clause of the instrument it is stated that the grantors convey all their estate, title and interest in the land, and further that:

"They will warrant and defend the same in the quiet and peaceable possession of said parties of the second part, *their* heirs and assigns forever."

The habendum clause that plaintiff was "to have and to hold the same [land] . . . during her natural life only, and upon her death then to her children, . . . their heirs and assigns forever," and "if any of the children of said Belle P. Moherman should die before their said mother, then the share of such deceased child shall vest in his or her lawful heirs," does not take away the title immediately conveyed to the children. The clause can be harmonized with the granting clause, and the evident intention of the instrument was to convey an undivided one-fifth interest to the plaintiff and an undivided four-fifths interest to the four children subject to a life estate in their mother. (*Palmer v. Blodgett,* 60 Kan. 712, 57 Pac. 947; *Abbott v. Perkins,* 90 Kan. 45, 132 Pac. 1177; *Markham v. Waterman,* 105 Kan. 93, 181 Pac. 621.) The children named in the clause are the children named as grantees, and the heirs spoken of in the instrument are not the heirs of the plaintiff but the heirs of the children. Heirs of the children might be others than the heirs of the body of plaintiff, and the instrument might therefore pass the property to those who were not of the blood of the mother. It was competent for the grantors to convey the property to the plaintiff and to children who can be identified as purchasers. It has been said that:

"A deed to a person named 'and her children' is not void as to the mother or her children living at the time the deed was made. Such children can be identified by parol evidence, and they and their mother take the title as tenants in common, but children subsequently born take no title. If in such case the grantee named has no children at the time of the execution of the deed, such grantee takes the entire property to the exclusion of children born subsequently to the execution of the deed.

"If a deed be made to one and his heirs, designating as such his children by name, the conveyance is in effect to the grantee and the children named as tenants in common. The word 'heirs' was used in the sense of 'children.'" (1 Jones on The Law of Real Property and Conveyancing, § 233.)

Taking the language of the entire instrument, it is clear that the plaintiff did not acquire the complete title in the land and

had no greater interest in it than was determined by the trial court in ruling on the motion for a new trial.

The decision of the court in granting a new trial must therefore be affirmed.