No. 22,995.

JOHN GROSSENBACHER et al. (FRITZ GROSSENBACHER et al., *Appellants*), V. JACOB SPRING, as an Individual and as Trustee, etc., *Appellee*, and MARGARET DREISBACH, *Appellant*.

SYLLABUS BY THE COURT.

1. WILL—*Bequest in Trust for Use of Grandchildren—An Active Trust Created—Duties and Powers of Trustee.* Where a testator directs that, subject to certain bequests, his real and personal property shall be held in trust for the use of his four grandchildren, or the survivors of them, ". . . during their natural lifetime, but only the net income from said real and personal property thus held in trust shall be paid to my grandchildren or their survivors in equal shares, said income to accumulate in the hands of [a] trustee until each of said grandchildren become of age, when its respective share is to be paid to it, and thereafter to be paid annually, and at the death of the last survivor of my said four grandchildren all of the estate held in trust, both real and personal, shall be equally divided between the heirs of my said grandchildren being issue of their bodies," it is held that such a testamentary disposition of the testator's property creates an active trust which is not fully executed when the testator's grandchildren attain their majority, and such trust continues to impose active powers, duties and responsibilities upon the trustee which cannot be fully executed until the death of the last surviving grandchild.

2. SAME—*Bequest in Trust—Active Duties of Trustee in Executing the Trust—Estate Tail.* Where an estate is devised in trust and active duties are imposed upon the trustee thereof for the proper execution of the trust, and the interest of the beneficiaries therein is specifically limited to the net income of the trust estate, which is to be paid to them annually during their lives, and after the death of the last survivor of them the remainder estate is to be divided between the heirs of their bodies, such testamentary disposition of property does not create an estate tail which can be broken by a conveyance.

3. SAME—*Bequest—Active Trust Created—Effect of Death of One Beneficiary on Income of Surviving Beneficiaries.* The death of a bene-

ficiary of the annual income of an estate devised in trust as outlined above has no other effect on the trust than to require the annual income thereof to be apportioned among a less number of beneficiaries—the surviving annuitants, and the mother of such deceased beneficiary acquires no interest in the trust estate by virtue of the statute of descents and distributions.

4. SAME—*Bequest in Trust—Disposition of Property so as to Prevent Its Dissipation Lawful.* It does not offend any rule of law or public policy of Kansas for a testator to so dispose of his estate as to prevent its dissipation for a reasonable length of time, provided his estate will eventually vest in allodial fee upon some taker within the period countenanced by the rule against perpetuities.

Appeal from Nemaha district court; WILLIAM I. STUART, judge. Opinion filed February 12, 1921. Affirmed.

*Leonard S. Ferry, Thomas F. Doran,* both of Topeka, and *S. D. Bishop,* of Lawrence, for the appellants.

*Charles H. Herold, R. M. Emery,* and *R. M. Emery, jr.,* all of Seneca, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an action to construe certain provisions of a will. Another phase of this will was before this court in *Dreisbach v. Spring,* 93 Kan. 240, 144 Pac. 195.

Our consideration is now directed to the paragraph of Abraham Blauer's will which reads:

"Third: It is my will and I desire and I hereby expressly direct that all the real property that I may own at my death and all the proceeds of my personal property after paying my just debts and funeral expenses and the bequest to my daughter as herein directed, shall be held in trust by the Executor or Administrator of this my last will and testament for the use and benefit of my four grandchildren, John, Fritz, Sophia and Marguerite Grossenbacher, or the survivors of them, during their natural lifetime, but only the net income from said real and personal property thus held in trust shall be paid to my grandchildren or their survivors in equal shares, said income to accumulate in the hands of trustee until each of said grandchildren become of age, when its respective share is to be paid to it, and thereafter to be paid annually, and at the death of the last survivor of my said four grandchildren all of the estate held in trust, both real and personal, shall be equally divided between the heirs of my said grandchildren being issue of their bodies, *but should they all die without issue, then said estate is to go to the heirs at law of my brothers and sisters and their heirs and assigns forever.*"

In the earlier case, *supra*, the trial court held that the concluding italicized lines were void under the rule against perpetuities, and we are not now concerned therewith.

Plaintiffs show that the grandchildren, John, Fritz, Sophia and Marguerite, are now all of age, and they prayed the trial court to decree that the trust created by the will has thereby become merely a passive trust; and that the estate created by their grandfather's will is an estate tail which they are at liberty to terminate by conveyance. Since this suit was filed, one of the grandchildren, John Grossenbacher, has died; and his mother, as sole surviving heir of John, prays for adjudication of her interest as his successor in title.

The trial court rendered judgment for the defendant trustee, which in effect denied all of plaintiffs' contentions. Hence this appeal.

Has the trust become passive because the plaintiffs have attained their majority?

The will directs that the testator's property shall be held in trust during the natural lifetime of the plaintiffs, and that "only the net income from said real and personal property thus held in trust shall be paid" to the plaintiffs; and that after the grandchildren become of age such net income is to be paid to them annually; and it also provides that not until the death of the last survivor of the four grandchildren shall the property be divided.

If the trustee has no duty to perform towards this estate, the trust has become passive, otherwise it is active. Here the grandchildren are only to receive the net income, and it is to be paid to them annually. It is therefore the duty of the trustee to manage this estate so that it will produce an income. It is necessarily his duty to preserve the estate from waste, to rent or otherwise render the estate productive of income, to pay the taxes, to conserve the property for the benefit of those lawfully entitled to receive the remainder estate upon its division after the death of all the grandchildren. Obviously these are the duties of the trustee. By necessary implication, the powers and duties of a trustee are of whatever scope is requisite for the effective execution of the purposes of the trust. (39 Cyc. 207, 208.) And these are duties calling for action, not passive inaction. The testator's pur-

poses in the erection of this trust would be wholly defeated if the trustee contented himself with the role of a mere nominal title holder of the property and refrained from concerning himself with its proper conservation and its reasonable possibilities for producing a net annual income to be paid to the beneficiaries. These observations constrain us to hold that the will creates an active trust, and that it must actively continue as such until the death of the last surviving grandchild of the testator. (39 Cyc. 213-219.)

This conclusion also renders it easy to solve the second proposition raised by appellants. The testator did not devise his property directly to his grandchildren. He devised it to a trustee, not alone for their benefit but also for the purpose of holding the title, collecting the income, paying the taxes, conserving the property, and paying to the grandchildren the net income as annuities, during their lifetime; and at their death —not before—dividing the property among the heirs of their bodies. Of course, whether they shall have such heirs or not, the time set for the performance of the active duties of the trustee shall then expire; and even if there should be failure of such heirs the properties will then be freed of the trust and pass unrestrained to the next taker according to the statute of descents and distributions. The will does not create an estate tail which may be broken by a conveyance. To do so it would have been necessary that the will should devise directly and without restricting qualifications a life estate in each of the grandchildren with remainder over to the heirs of their bodies in allodial fee. (*Ewing v. Nesbitt*, 88 Kan. 708, 129 Pac. 1131; *Bryant v. Flanner*, 99 Kan. 472, 162 Pac. 280.) But here the estate was devised in trust, with active duties imposed on a trustee which cannot be fully executed until the death of the last surviving grandchild of the testator.

Among the cases which counsel for appellants press upon our attention, as being at variance with this deduction are *Breckenridge and wife v. Denny & Faulkner*, 71 Ky. 523, and *Haldeman v. Haldeman*, 40 Pa. St. 29. In the Breckenridge case, the testator devised his property to trustees "and their successors forever" in trust for the use of his three daughters "and their posterity forever." The court held that such a devise created an estate tail which an antecedent act of the legis-

Grossenbacher v. Spring.

lature forbade to be created, the act ordaining—"so that, as the law aforetime was, such estate would have been an estate in tail, shall also be deemed to have been and continue an estate in fee simple." We have no statute like the one which controlled the Kentucky decision, although we would dispose of such case under our common-law rule against perpetuities—holding that such unreasonable restrictions against alienation were void (*Lasnier v. Martin,* 102 Kan. 551, 171 Pac. 645), and that the lawful heirs would take the estate in allodial fee.

In the Haldeman case, the syllabus in part reads:

"1. A testator by will, directed his executors to account for and pay over half-yearly to his three daughters, 'and to each of them during their natural lives, the income or profit arising out of each of their share of the residue, and after the death of either, then to descend and go to the child, and if children, share and share alike; should, however, either of my daughters die, and leave no lawful issue, then such share or portion is to fall back again to the residue, and form a part of the same.' Held, that the daughters took an estate tail in the residue of the testator's estate, which, under the act of April 27th, 1855, became an estate in fee simple. . . .

"4. There was no such trust executed by the will, as would prevent the operation of the rule, that an estate for life with remainder to the issue of the first devisee, is an estate tail in law."

In the opinion, the Pennsylvania court considered the intention of the testator as well as the statute of that state and concludes thus:

"The true construction of the will then is, that it devises to the daughters for life, with remainder to their issue, and in default of issue the gift is to lapse. This is only because the testator has defined the word child as meaning issue. The devise is then an estate tail, which, under our Act of 1855, is to be construed as a fee simple. We do not think that any such trust was created by the will as to prevent the operation of the rule that an estate for life with a remainder to the issue of the first devisee, is an estate tail in law." (p. 36.)

That our law on this subject is unaffected by specific legislation was declared in *Ewing v. Nesbitt,* 88 Kan. 708, 715, 129 Pac. 1131. With us a devise of a passive trust is void as to the trustee and deemed to be a direct devise to the beneficiary. (Gen. Stat. 1915, § 11686); but when lands are devised by will to any person for his life, and after his death to his heirs in fee (not restricted to heirs of his body), such devise vests a life estate in the person so named and a remainder in fee sim-

ple in his statutory heirs. (Gen. Stat. 1915, § 11808.) This statute has been held to abrogate the rule in Shelley's case in devises by will (*Peck v. Ayres,* 79 Kan. 457, 462, 100 Pac. 283); although the Shelley rule still prevails in Kansas in conveyances by deed (*Kirby v. Broaddus,* 94 Kan. 48, 145 Pac. 875). A minor distinction can perhaps be drawn between the Haldeman case above and the one at bar in that the Pennsylvania testator was held to have made the devises to his daughters with remainders to their issue, while in this case the devise is to the trustee, the net annual income and that alone to the plaintiffs, and the remainder to their issue. A clearer and more potent distinction, however, can be drawn by attaching the proper significance to the intention of the testator, an intention so clearly to be derived from the will as to be beyond cavil, which is that the testator designed that the principal of his estate should be kept intact by the trustee until the time specified for its distribution. Since such design is clear and it violates no rule of Kansas law, that design, that intention, governs the rights and duties of the trustee, the rights of the plaintiffs, the rights of the next takers, and it governs the courts as well. (*Ernst v. Foster,* 58 Kan. 438, 49 Pac. 527; *Markham v. Waterman,* 105 Kan. 93, 181 Pac. 621.)

Touching the claims of the testator's daughter, as mother of the deceased grandson, it will be noted that the deceased grandson held no estate devised to him by the will. He was only an annuitant under its terms. At his death his annuity ceased; and thereafter the net income of the trust estate is to be apportioned as annuities among his surviving brother and sisters. So reads the will.

It is nothing unusual, and offends against no rule of law or public policy of this state, for a man to tie up his property during the lives of his existing and living descendants, so that the fruits of his life's industry will not be dissipated by those for whom, in his natural affection and solicitude, he would provide a life-enduring competence. The creation of a trust is the common and most effective way to obtain that object.

We discern no error in the judgment of the trial court and it is therefore affirmed.