No. 23,222.

HOWARD JOHNSON, *Appellant*, v. M. J. COOLBAUGH, as Trustee under the Will of JOHN J. JOHNSON, Deceased, *Appellee*.

### SYLLABUS BY THE COURT.

WILL—*An Active Trust Created by Devise—No Title to Vest in Cestui Que Trust*. A trust created by a will imposed upon the trustee the power and responsibility of paying to the widow of the testator so much of the income from real estate as might be necessary for her support during her life, and at her death the income was to be paid to a son during his life, and if he left children surviving him, then at his death, the income was to be paid to them for a period of twenty years, at which time the fee title was to vest in them. *Held*, that the trust is an active and not a dry or passive one, and that it cannot be executed until the time arrives for the final distribution (*Grossenbacher v. Spring*, 108 Kan. 397, 195 Pac. 884), and *further held*, that the only interest acquired in the real estate by the testator's son is a life use of the income from the time of his mother's death.

Appeal from Rooks district court; CHARLES I. SPARKS, judge. Opinion filed October 8, 1921. Affirmed.

*F. E. Young*, of Stockton, and *David Ritchie*, of Salina, for the appellant.

*O. O. Osborn*, of Stockton, and *S. N. Hawkes*, of Bartlesville, Okla., for the appellee.

The opinion of the court was delivered by

PORTER, J.: The case involves the construction of the last will of John J. Johnson, deceased, who died in April, 1911, leaving surviving him his widow, Arabella Johnson, and their only child, Howard Johnson, who is the appellant. The material provisions of the will read:

"I devise and bequeath all my real estate, wherever it may be, unto M. J. Coolbaugh, Jr., of Stockton, Kansas, or to his successors, for the following trusts and purposes,

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"I direct that my said wife, Arabella, under the advice of my above mentioned trustee, or his successor, shall have the income from my real estate, or so much as may be necessary for her support and maintenance during her life, and at her death, I direct that the income from my said real estate shall go to my said son, Howard, during his life, and at his death, said real estate to descend to my legal heirs under the laws of Kansas. In case I shall outlive my said wife, then I direct that the income from said real estate shall go to my said son, Howard, during his lifetime, and at his death said real estate to descend as last above mentioned.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"It is hereby expressly directed that in the provisions above made, where my said real estate after the death of my said son, Howard, shall go to my legal heirs under the laws of Kansas, in case my said son, Howard, shall have children, said real estate shall remain in said trust and not go to them in fee until twenty years after the death of my said son, Howard."

The will was duly probated, and the widow elected to take under its provisions, and M. J. Coolbaugh, jr., qualified as trustee. The widow died in 1916. The appellant, who is now 38 years of age and has one child, brought this action in ejectment and claims that the title to the real estate vested in him on the death of his father, subject to a life use in Arabella Johnson, and that upon her death the fee title vested in him. Appellant concedes that during the life of Arabella Johnson, the trustee had active duties to perform in the collection of the income and in determining what was necessary for the support and maintenance of the widow, but contends that upon her death the trust became a mere dry or passive one, which became executed by the statute of uses. (Gen. Stat. 1915, § 11686.) The statute provides that:

"A conveyance or devise of lands to a trustee whose title is nominal only, and who has no power of disposition or management of such lands, is void as to the trustee, and shall be deemed a direct conveyance or devise to the beneficiary."

The will devises all the real estate to the trustee or his successors, "for the following trusts and purposes," and then directs that the widow, under the advice of the trustee or his successor, shall have the income from the real estate or so much as may be necessary for her support and maintenance during her life; at her death he directs that the income shall go to his son, Howard. The appellant is given no right to the possession or the control of the real estate, nor any interest in it except to receive the net annual income thereof upon the death of his mother and during his lifetime. The will directs that the real estate shall, upon the death of the appellant, descend to the legal heirs of the testator, with a further proviso that in case appellant should have children born to him, the estate shall, at his death, descend to them but the real estate shall remain in the trust for twenty years after the death of appellant and then go to his children.

There can be no doubt that by the terms of this will an active trust is created which, upon certain contingencies, cannot be fully executed until the time fixed for distribution, which may be twenty years after the death of appellant. Every contention raised by him is fully met by the opinion in the recent case of *Grossenbacher v. Spring*, 108 Kan. 397, 195 Pac. 884. There the testator directed that his real and personal property should be held in trust for his four grandchildren or the survivors of them during their natural lifetime, they to receive only the net income of the property held in trust until each became of age when its respective share was to be paid to it. Upon the death of the last survivor of the grandchildren, all the estate held in trust was to be divided between the heirs of the grandchildren being the issue of their bodies. The will was held to create an active trust which was not fully executed until the grandchildren attained their majority. In the opinion it was said:

"The testator did not devise his property directly to his grandchildren. He devised it to a trustee, not alone for their benefit but also for the purpose of holding the title, collecting the income, paying the taxes, conserving the property, and paying to the grandchildren the net income as annuities, during their lifetime; and at their death—not before—di-

viding the property among the heirs of their bodies. Of course, whether they shall have such heirs or not, the time set for the performance of the active duties of the trustee shall then expire; and even if there should be failure of such heirs the properties will then be freed of the trust and pass unrestrained to the next taker according to the statute of descents and distributions. The will does not create an estate tail which may be broken by a conveyance. To do so it would have been necessary that the will should devise directly and without restricting qualifications a life estate in each of the grandchildren with remainder over to the heirs of their bodies in allodial fee. (*Ewing v. Nesbitt,* 88 Kan. 708, 129 Pac. 131; *Bryant v. Flanner,* 99 Kan. 472, 162 Pac. 280.) But here the estate was devised in trust, with active duties imposed on a trustee which cannot be fully executed until the death of the last surviving grandchild of the testator." (p. 400.)

In that case it was held to be the design of the testator that the principal of his estate should be kept intact by the trustee until the time specified for its distribution. It was said in the opinion:

"Since such design is clear and it violates no rule of Kansas law, that design, that intention, governs the rights and duties of the trustee, the rights of the plaintiffs, the rights of the next takers, and it governs the courts as well. (*Ernst v. Foster,* 58 Kan. 408, 49 Pac. 527; *Markham v. Waterman,* 105 Kan. 93, 181 Pac. 621.)" (p. 402.)

In the present case the appellant is not concerned with the question of where the title vested or when it vested, since by the express terms of the will it was never, upon any condition, to vest in him.

The judgment is affirmed.