No. 25,500.

NELLIE McPHERSON et al., *Appellees*, v. (THE FARMERS STATE BANK OF WATHENA, Interpleader), ROBERT McPHERSON, *Appellant.*

SYLLABUS BY THE COURT.

DEED—*Construction of Deed—Quieting Title—Deed Divests Grantor of All Estate in the Land.* In an action to construe a deed and to quiet title to the land conveyed thereby, the deed examined, and, under the circumstances stated in the opinion, held to divest the grantor of any estate therein.

Appeal from Doniphan district court; COLONEL W. RYAN, judge. Opinion filed January 10, 1925. Affirmed.

*William I. Stuart, Paul B. Bailey,* both of Hiawatha, and *A. E. Crane,* of Topeka, for the appellant.

*Bennett R. Wheeler, S. M. Brewster, John L. Hunt,* all of Topeka, and *Edwin Brown,* of Troy, for appellee Nellie McPherson; *J. J. Baker,* of Troy, for appellee Farmers State Bank.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to construe a deed and to quiet title to the land conveyed thereby. The plaintiff prevailed and the defendant, Robert McPherson (grantor in the deed), appeals.

The facts were substantially as follows: Robert McPherson was the owner of certain land in Doniphan county. In 1902 he executed and delivered to his son, James McPherson, a deed to the land which, after the granting clause and the description of the land, contained, among others, these provisions: "During the term of

his natural life, and at his death to go to his blood kind. The party of the second part, assuming a mortgage of two thousand dollars held by D. N. Forbes, and in case said second party (James Mc-Pherson) fails to satisfy said mortgage when due and payable, then title to above described land shall revert to . . . party of the first part (Robert McPherson)." The deed specified a consideration of $3,500, "the receipt whereof is hereby acknowledged." It contained the usual warranties, was acknowledged January 18, 1902, and filed for record January 10, 1906. James McPherson entered into possession of the real estate and occupied the same as his property until his death June 6, 1923. During his lifetime he paid and satisfied the mortgage to Forbes. He left, as his only heirs, his widow, Nellie McPherson, the plaintiff, and a minor son, Deeler McPherson. In an action to quiet title the widow alleged that she and the son were each owners of an undivided one-half of the property. The defendant and appellant, Robert McPherson, claimed that, by the terms of the deed, the land reverted to him on the death of James, his son. The trial court held that the deed should be construed and was meant to convey a fee simple title to the property, and that, at the time of his death, James R. McPherson owned the land in fee simple.

Robert McPherson contends that while the deed attempted to create an estate and remainder in the blood kind or kin of James McPherson, the language was so broad and general that it would be impossible to determine who are his blood kin, and that, therefore, the language was so vague, indefinite and uncertain that it should not be given effect, and that a life estate only was conveyed, and that title, on the death of James McPherson, reverted to him (Robert McPherson). On the other hand, it is contended by the plaintiff that the deed conveyed an estate in fee simple; that it was not a deed of gift, but was a sale by Robert to James McPherson for a valuable consideration. She also contends that if the words "at his death to go to his blood kind" are so indefinite as to make them meaningless, then not only do these words fail, but that the entire clause, "during his lifetime and at his death to go to his blood kind," should fail; that when he executed the deed it was his intention to part with his entire interest, and having received consideration therefor he should not now be permitted to claim to be the owner; that the deed is equivalent to one which conveys the

land to James McPherson during his natural life, and at his death to his heirs, and under the rule in.Shelley's case would vest a fee simple title in James McPherson. (*Kirby v. Broaddus*, 94 Kan. 48, 145 Pac. 875; *Howe v. Howe*, 94 Kan. 67; 145 Pac. 873.

If the deed conveyed a fee simple estate, Robert McPherson has no interest in the property. If a life estate was conveyed to James McPherson with remainder in equal parts to "blood kin" or "kind" who survived him, Robert McPherson would be one of the remaindermen. But it appears that Robert McPherson contended in the trial court that he never parted with the fee, but only a life estate, and that upon the death of James the land reverted to him (Robert).

That Robert McPherson intended to convey more than a life estate when he executed the deed is indicated by the language of his deed, that in case "the said second party fails to satisfy said (Forbes) mortgage when due and payable, then the title to the land shall revert to Robert McPherson, party of the first part." Robert McPherson was personally liable on the note. He determined to safeguard his interest by providing that in the event James did not pay the mortgage, then the title should revert. But so far as Robert's claim is concerned, it makes no difference whether title passed to James on delivery of the deed or whether it became absolute only on satisfaction of the (Forbes) mortgage. James satisfied the condition. He paid the mortgage. And since the only condition on which Robert could claim a reversion has been satisfied, he has no claim on the property.

It seems unnecessary to discuss or decide other questions raised in the briefs. Robert's contention that he conveyed a life estate only, and that upon the death of James the title reverted to him, is not good, nor can he now mend his hold by contending that the property should go to the blood kin of James McPherson, of whom he is one. (*Redinger v. Jones*, 68 Kan. 627, 75 Pac. 997.)

The judgment is affirmed.