No. 29,811.

RUBY PEARL LONG et al., *Appellees,* v. EDNA MAY MARSHALL et al., *Appellants.*

(296 Pac. 346.)

Opinion filed March 7, 1931.

*Stephen H. Allen, Otis S. Allen* and *George S. Allen,* all of Topeka, for the appellants.

*Guy L. Hursh,* of Topeka, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The proceeding was one by a trustee under a will to obtain an interpretation of the will, and for directions with respect to courses to be pursued in execution of the trust. The trustee was appointed by the district court, and the proceeding was instituted in the action resulting in the appointment. The defendants in the action were dissatisfied with what the court did, and appeal.

In May, 1920, Maggie A. Dickinson made a will devising real estate. The will contained the following provisions:

"Second: I desire that my mother, Harriett Druse, have the use and benefit of the property known as street number 1110 East Fifth street, Topeka, Shawnee county, Kansas, during her lifetime. After her death this property shall revert back to my estate and handled in the same manner.

"Third: I desire that all the balance of my estate, real, personal and mixed, be held in trust for a period of twenty years after my death, the income from the same to be divided between my two daughters, Edna May Marshall and

Ruby Pearl Long, share and share alike. At the expiration of the twenty years I desire that said estate be divided between my two daughters share and share alike. Should either or both of my daughters be deceased at the expiration of the twenty years, I desire that the estate be divided equally between all living issue of either of my daughters, but should they leave no living issue, then I desire that my estate revert to my legal heirs.

"Fourth: I hereby appoint Prudential Trust Company executor of my estate."

Edna May Marshall was appointed administratrix with will annexed.

Before her death the testatrix mortgaged a portion of the real estate, other than that mentioned in the second paragraph of the will, to the Capitol Building and Loan Association, to secure the sum of $3,000, payable in monthly installments. The date of the death of the testatrix is not given, but the will was admitted to probate on October 2, 1926. The trustee named in the will did not qualify, and for a time the real estate was managed without a definite understanding between the daughters, in a manner not satisfactory to one of them. The mortgage covered apartment houses and other rental property, which produced or was capable of producing sufficient income to pay taxes, insurance, and installments due on the mortgage, but default was made in the payment of installments, and the building and loan association commenced an action to foreclose the mortgage. With affairs in this situation, Ruby Pearl Long commenced an action against Edna May Marshall, and Edna May Marshall as administratrix, to procure appointment of a trustee. Ruby Pearl Long joined with herself as plaintiff her daughter, Mercedes Long, a minor. Issues were framed, and after a hearing the district court appointed the National Bank of Topeka as trustee. The order was made on August 17, 1929, and on October 1, 1929, the trustee commenced the proceeding under review. In January and April, 1930, the court made an adjudication, which is challenged here by defendants on the following grounds:

"First: That the will did not create an active trust, and the title to the property of the testatrix vested on her death in the beneficiaries under the will.

"Second: That the provisions of the will for the disposition of the remainder after the termination of the trust are void for uncertainty.

"Third: The income from the property having been bequeathed to the two daughters of the testatrix for the period of twenty years, the trustee may

not apply the income from property on which the testatrix left a mortgage to the payment of the principal of such mortgage debt."

Defendants are precluded from making the first objection because of the judgment appointing the trustee. No appeal was prosecuted from that judgment, which necessarily included a determination that the trustee would have something to do. Otherwise the appointment would have been vain, and would not have been made. Besides that, the trust is an active trust. The trustee cannot divide income for twenty years unless it has income, and it cannot have income unless it has management which will produce income. (*Grossenbacher v. Spring,* 108 Kan. 397, 399, 195 Pac. 884.)

The will vested the trust estate in the trustee for twenty years. If the will did nothing more, that provision is valid, and the second contention can scarcely be of importance until the trust terminates in 1946. However, the will is not ambiguous, and the district court had no difficulty in determining who will ultimately take. Edna May Marshall and Ruby Pearl Long receive income for twenty years. If at the end of that period they are both alive, they receive the trust property. If on termination of the trust Edna May be dead, or Ruby Pearl be dead, or both be dead, the then living issue of one, if only one had issue, or the then living issue of both, if both had issue, will take. An adopted child would not be issue, and could not take. The district court so held, and the correctness of the ruling is not challenged, providing the will made any disposition of the trust estate to take effect on termination of the trust.

The third contention is without merit. It is true the two daughters of the testatrix were given income. But if installments of the mortgage should not be paid, and the property should now be sold at foreclosure sale, the trust with respect to that property would be defeated. There would be no income from it for the remaining fifteen years of the trust period, and there would be nothing for Edna May and Ruby Pearl to take at the end of the trust period. Under these circumstances, by order of court, income may be used to pay installments of the mortgage.

The judgment of the district court is affirmed.

MARSHALL, J., not sitting.