Nicholson, C. J.,
delivered the opinion of the court.
In 1830, Joseph Hays intermarried with Annie-Clark, after they had entered into a marriage contract by which she was authorized, through her father as-'trustee, to retain control and dominion over her property. They lived together until -her death, in 1854. Before her death she executed a will, by which she disposed of various sums of money in special bequests, and gave to her daughter, Sarah McCurry, a certain chest with its contents. David Bright was a witness-to the will, and one of her executors. Before the will was admitted to probate, David Bright renounced as executor, and was appointed and qualified as administrator of Annie Hays. Afterward the will, after a contest, was admitted to probate, but no executor or administrator with the will annexed was appointed or qualified. Bright proceeded, as administrator, to make out an inventory and to sell personal property. Joseph Hays surrendered to him certain articles of property, money, choses in action, etc., amounting to about $200; and Sarah McCurry, with the knowledge of Joseph Hays, took from the chest $118, which she claimed as a bequest under her mother’s will.
*328 This bill was filed by Joseph Hays, alleging that by the terms of the marriage contract the property not disposed of by his wife during her life belonged to him by virtue of his right as surviving husband; that the property which was taken possession of by David Bright as administrator, and by Sarah McCurry as legatee under the will, belonged of right to him; praying for discovery and for an account, and that the will be set aside, etc. David Bright and Sarah McCurry, and Sarah McCurry and her husband, were made defendants. Joseph Hays and David Bright have both died, and the cause has proceeded • by re-vivor in the names of their respective representatives.
Defendants demurred on several grounds, which were overruled, and then they answered, denying the right of Joseph Hays to the property, insisting that Annie Hays had the right, under the marriage contract, to dispose of the property by will, and relying upon the probate of the will as conclusive as to its validity. Bright admitted that he took possession of the property as administrator, and has held and administered it as such, — no one having been qualified as executor of the will.
The cause was referred for proof and report as to the value of the property, etc., and upon its coming on the Chancellor decreed in favor of complainant, and gave judgment against defendants for the value of the property respectively received by them. Bright’s administrator has appealed.
The controlling question in the case is, whether, by the terms of the marriage contract, upon the death *329 of Annie Hays, her husband, by virtue of bis marital right, was entitled to the property secured to her by that contract?
It is settled that by marriage the absolute property of the wife’s chattels vests in the husband, and if there be a marriage contract, whereby this right is abridged, it is taken away only to the extent stipulated in the settlement. When the settlement makes no disposition of the property in the event of the wife’s .death, and provides only for her dominion over it during coverture, the right of her husband as survivor is • a fixed and stable right, over which the court has no control, and of which he cannot be divested : Stewart v. Stewart, Y. & C., 246; Brown v. Brown, 6 Hum., 129. The language of the marriage contract is as follows: “The said Annie, being desirous to secure to herself the enjoyment of the same (the property named) against any danger which might result from or by said matrimonial connection, to secure the property in her possession, as well as that she may hereafter get by devise or by inheritance,' it is therefore consented and agreed, that the said Joseph Hays, for himself, his heirs, executors and administrators, doth consent and agree to and with the said Abraham Williams, his heir and assign, that after the marriage shall be held and solemnized, the said Annie shall have the use and control and management of all the property now in the possession of or belonging to said Annie. * * And that if the said Annie shall, see proper to sell or dispose of said property now belonging to her, or which may hereafter come *330 to her as aforesaid, then in that case it is hereby covenanted and agreed, that the said Abraham Williams shall be authorized, by and with the consent of the said Annie, to sell said before described property as her trustee; the proceeds of said sale to be applied to said Annie’s use and benefit, or as she shall direct,” etc.
The only construction which the language of this, instrument will bear, is, that Annie desired to withdraw her property effectually from the legal operation of the contemplated marriage — to reserve the control of the same for her own use and benefit, and, through her trustee, to dispose of the same by sale whenever she might choose to do so. But there is nothing which looks to the disposition of the property after her death. The controlling object was to secure the use and benefit of it while she lived, and to the securing of this simple object her whole language is directed. It is clear, therefore, that upon her death the marital right of her surviving husband attached to the property.
It follows that it was the right of Joseph Hays as husband, upon the death of his wife, to administer upon her estate, and after payment of her debts and costs of administration, to retain the property as his own. Instead of doing this, he acquiesced in the administration by David Bright, and surrendered to him, as administrator, the property returned by him in his inventory. He also acquiesced in the receipt by Sarah McCurry of the money found in the chest, — no doubt acting inconsiderately and unadvisedly, under the *331 impression that the property belonged to the distribu-tees or legatees of his wife, and that under the marriage contract his right to the property was entirely cut off. If this were so, he would not be thereby .precluded from asserting his rights when apprised of the mistake under which he had acted. Admissions and declarations made in pais are often entitled to' little or no consideration, because made inconsiderately or in ignorance of the facts, or not correctly understood or reported: 5 Sneed, 43. Such, we think, were the circumstances under which Joseph Hays seemed to recognize the claims of defendants to his wife’s property. The question as to the validity of Annie Hays’ will does not arise in the case, nor could it be considered by this court if it did arise. The appointment of David Bright as administrator of Annie Hays was legal and valid. No one but Joseph Háys, as husband, could object to the appointment.. If he chose to acquiesce in it .as legal and to give up property to be administered, Bright received as trustee, and was bound to account for it to the party entitled as distributee. Joseph Hays, by virtue of his marital right, was the distributee entitled to the funds after the debts and costs of administration should be satisfied. He had a right, therefore, to enforce his rights as distributee by -resorting to a court of chancery. This was the appropriate tribunal for relief. The Chancellor gave the relief, and we affirm his decree with costs.