No. 28,153.

T. D. Lisman, *Appellee*, v. J. M. Marks, *Appellant*.

(267 Pac. 963.)

Opinion filed June 9, 1928.

*John G. Sears, Jr.*, of Wichita, for the appellant.

*Charles G. Yankey, John L. Gleason* and *Kenneth K. Cox*, all of Wichita, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: The action was one for specific performance of a real-estate contract; defense that title tendered was not merchant-

able. The question involved was whether a deed to a previous grantee in the line of conveyance created an estate tail. Plaintiff prevailed, and defendant appeals.

Plaintiff's title was claimed through Ruth Evelyn McDowell Lisman, who in turn claimed title to the land from her father by a deed, the material part of which is as follows:

"We hereby grant to Ruth Evelyn McDowell Lisman for consideration of labor rendered, to have during her life only upon the following conditions, First, to keep the improvements in repair, pay all taxes in time so there will be no penalty, and to pay Florence McDowell annually on the first of July each year twenty-five cents per acre during her life. The land herein conveyed is described as follows: . . . At date of death of the above-named grantee, if she leaves surviving her children of her own blood, then said children shall at once become the owner of the land conveyed by this deed. If no such children be left surviving this grantee, then the land hereby deeded shall revert to the estate of the above named, J. L. McDowell." ·

J. L. McDowell died later, on January 10, 1922, and his widow, on January 1, 1925. Afterwards, and on July 9, 1925, Ruth Evelyn McDowell Lisman, joined by her husband, conveyed the land by warranty deed to Eugene Hitch; on July 11, 1925, Eugene Hitch and wife reconveyed it to Mrs. Lisman by warranty deed. Thereafter, on April 1, 1927, Mrs. Lisman executed an oil and gas lease on 120 acres of the quarter section to her husband, T. D. Lisman. Mrs. Lisman has two minor children under the age of 14 years. On July 24, 1925, Mrs. Lisman as guardian of her two minor children, executed an oil and gas lease to T. D. Lisman, covering the same land. These leases were to her husband, the plaintiff, as lessee.

On June 1, 1925, Mrs. Lisman, for the purpose of determining her title to the land and of quieting title thereto for herself and as guardian for her two children, commenced an action in the district court of Greenwood county against the heirs at law of J. L. McDowell, praying that her title to the land be quieted. All of the children and the spouses of the children of J. L. McDowell and all of the grandchildren of J. L. McDowell were made parties defendant. Judgment was rendered August 25, 1925, adjudging Mrs. Lisman owner of the fee simple title to the land, adjudging also that her estate was an estate tail and that the entailment had been barred. Thereafter on July 15, 1927, the plaintiff herein executed an assignment of the oil and gas leases which he had previously obtained from Mrs. Lisman in so far as they covered the land, and

on July 15, 1927, plaintiff, joined by his wife, executed a warranty deed conveying the other 40 acres of the same quarter section to the defendant. On June 1, 1926, the heirs at law of J. L. McDowell conveyed to Ruth Evelyn McDowell Lisman by quitclaim deed all of their interest in the lands which J. L. McDowell had deeded to her. All of the title so obtained by plaintiff had been tendered to defendant by the assignments of the oil and gas leases and by the warranty conveying the forty acres.

The defendant declined to accept the title tendered, contending that Mrs. Lisman obtained only a life estate in the lands conveyed to her by her father, and that the remainder over was contingent; that the persons who would take upon her death could not be ascertained until the time of her death, and that therefore there was a contingent remainder and no one in being who could convey a good title.

The defendant's contention cannot be sustained. Nor is an extended discussion of the controlling principles necessary. It is clear that the father, J. L. McDowell, conveyed to his daughter, Ruth Evelyn McDowell Lisman, what has repeatedly been designated in the decisions of this court an estate tail. (*Ewing v. Nesbit*, 88 Kan. 708, 129 Pac. 1131; *Gardner v. Anderson*, 116 Kan. 431, 227 Pac. 743; *Allen v. Pedder*, 119 Kan. 773, 241 Pac. 696; *Davis v. Davis*, 121 Kan. 312, 246 Pac. 982.)

The words "children of the blood" are equivalent to the words "issue of the body." If the conveyance had been to the "children" of Mrs. Lisman, then it might be argued that the word "children" was a word of purchase rather than a word of limitation, but inasmuch as the conveyance was to "children of the blood," the children designated must be blood children as distinguished from adopted children.

It appears that the grantor was making arrangements for the division of his property. He conveyed to each of his children separate tracts of land. To Mrs. Lisman he conveyed what he believed to be her just and equitable portion of his estate. It is not conceivable that he intended that any portion of this should go back to the other children unless and until there was a failure of issue on the part of Mrs. Lisman.

The proceedings to quiet title were in our opinion not necessary. The warranty deed by Mrs. Lisman and her husband to Eugene Hitch was sufficient to break the entailment. When the land was

again conveyed to her, she was in position to and did convey title. The trial court was not in error in holding that plaintiff's title through her was good and that plaintiff was entitled to enforcement of his contract.

The judgment is affirmed.