No. 28,918.

FREDERICK SCHWARZ, *Appellant*, v. LENA-RUTH RABE (née HEDGES), FLOYD HEDGES, and THE FONTRON LOAN AND TRUST COMPANY, *Appellees*.

(283 Pac. 642.)

Opinion filed January 11, 1930.

*F. Dumont Smith, Eustace Smith* and *Arthur T. Symns,* all of Hutchinson, for the appellant.

*A. L. Moffat,* of Kinsley, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action to quiet title to certain real estate in Edwards county and involves the construction of a will as to whether it creates a fee tail estate or a contingent remainder. It was agreed that the pleadings correctly stated the facts and the cause was submitted upon the pleadings without evidence, and the trial court found in favor of the defendants, that the will did not create an estate in fee tail, from which judgment the plaintiff appeals.

The devisee in the will conveyed her interest in the land to her brother, the plaintiff, and he brings this action to quiet his title against those claiming a contingent remainder under the devise. The testator was a resident of Edwards county at the time of his death on September 3, 1925, owning the land in question and other land. His will was duly admitted to probate in Edwards county. The daughter, Annie, to whom the devise was made, is married, has no children, and has reached the age where in all probability she will never have children. Her sister Emma has only two children, Lena Ruth Rabe and Floyd Hedges, both made parties defendant in this action.

The clause in the will to be construed is as follows:

"I give, devise and bequeath to my daughter, Mrs. Annie Alumbaugh, a life estate in and to the [land described . . .] in Edwards county, Kansas, she to have and enjoy the rents, issues and profits thereof during her natural life only, and I give, devise and bequeath said land after the life estate of said Annie Alumbaugh has terminated to the children of said Annie Alumbaugh if she have any surviving her and in case she have no children who survive her, then I give, devise and bequeath said land to the children of my daughter Emma Hedges."

It will readily be observed that after the life estate to the daughter Annie has terminated, the property is to go to the children of Annie if she have any surviving her. Naturally the first question is the meaning of the word "children" and how it may differ from children of her blood, children of her body, and other similar terms frequently used in making devises. The learned counsel for appellant have prepared and submitted an exhaustive and complete history of the transition and development of the laws respecting the creation of

estates by limitation and by purchase, and they note the wide diversity of holdings and rulings thereon caused by statutory enactments and otherwise, as well as the confusion and frequent inaccurate use of the term limitation, applying it to persons instead of estates. They also carefully review and analyze the various decisions on this and kindred subjects in Kansas. It is worthy of not only careful study but also of more extensive comment than seems necessary for any substantial purpose to be given it in this opinion, because, as we view it, all the questions and matters herein involved have been thoroughly considered, analyzed and discussed more or less exhaustively in comparatively recent decisions, and in one exactly in point very recently.

Counsel for the appellant call attention to the fact that the citations made by the court from standard and well-recognized textbooks on the subject are followed in such works by modifications of and exceptions to the general rules asserted. Even in the application of the Wild's case, the two radically different views and holdings are expressed in the same connection. Whatever be the rule or reason for the rule elsewhere, those reasons and rules must in this state be considered in connection with our statute on the subject, viz.:

"When lands, tenements or hereditaments are given by will to any person for his life, and after his death to his heirs in fee, or by words to that effect, the conveyance shall be construed to vest an estate for life only in such part taken, and a remainder in fee simple in his heirs." (R. S. 22-256.)

In this case we have the word "children" instead of the words "heirs in fee," and we are concerned as to whether "children" are "heirs in fee," or whether it is a term "to that effect" as expressed in the statute. The recent decision of this court on the use and meaning of the word "children" in a will when applied to those of a devisee is exactly in point and determinative of the vital question in this case.

"A testator devised lands to his wife for her sole use and maintenance during her natural life and after her death to his granddaughter and after her death to her children, but if there should be no children living at the time of her death, then to a son of the testator. *Held,* that the will did not create an estate tail in the granddaughter and that she could not convey the land free and clear from the claims of her children." (*Farmers State Bank v. Howlett,* 126 Kan. 610, syl., 270 Pac. 605.)

Appellant suggests that this opinion should not be held as decisive of the issue involved therein and herein because an important fact,

as shown by the record, was not stressed nor included in the opinion which would make the situation different in that case, but we fail to see why that would change the law announced on the facts stated in the opinion with that particular fact eliminated. The most it could have done would have been to have changed the reasoning and result of that case and possibly have made the decision not applicable to the case at bar. But the facts therein stated are almost identical with those in this case and text authorities and former decisions were carefully reviewed therein. Appellant insists that it is impossible to harmonize that ruling with those in *Wright v. Jenks,* 124 Kan. 604, 261 Pac. 840, and *Lisman v. Marks,* 126 Kan. 344, 267 Pac. 963. In the former case it was held:

"Where a testator devised a life estate in land to her husband, and devised the remainder in favor of her son and daughter 'and to their children of their bodies after them,' such remainder constituted an estate tail in each of testator's children." (Syl. ¶ 1.)

This embraced two exceedingly important differences: (1) a qualification of the word "children" by the addition "of their bodies after them," and (2) the children are coupled up with their parents as to the remainder, it being given to the son and daughter "and to their children," whereas in the Howlett case the life estate is to the granddaughter "and after her death to her children." It is readily observed that in many of the cases cited this combination is made by the use of the word "and" as creating an estate in the devisee and her children. There was nothing of that character in the Howlett case.

In the latter case it was held:

"A deed of land to a person for life and providing that 'if she leave surviving her children of her own blood, then said children shall at once become the owners of the land conveyed by this deed,' constitutes an estate tail." (*Lisman v. Marks,* supra, syl.)

In the opinion of this case it was also said:

"The words 'children of the blood' are equivalent to the words 'issue of the body.' If the conveyance had been to the 'children' of Mrs. Lisman, then it might be argued that the word 'children' was a word of purchase rather than a word of limitation, but inasmuch as the conveyance was to 'children of the blood,' the children designated must be blood children as distinguished from adopted children." (p. 346.)

It is further urged the Howlett case is at variance with the decision in *Gardner v. Anderson, Trustee,* 116 Kan. 431, 227 Pac. 743, in which it was held that the word "issue" used in the will was not

the equivalent of "heirs in fee" contained in R. S. 22-256, above quoted, but meant "offspring," "progeny" and "lineal descendants." We see no such inconsistency between any of these cases and the Howlett case as would require a reversal of one in order to adhere to the other.

There are three other cases in particular where this distinction of words and terms is exhaustively considered and discussed and determination made as to the character of estate conveyed which elucidate the distinguishing features as to such terms and review the preceding cases on the subject. They are: *Bryant v. Flanner*, 99 Kan. 472, 162 Pac. 280; *Allen v. Pedder*, 119 Kan. 773, 241 Pac. 696; *Davis v. Davis*, 121 Kan. 312, 246 Pac. 982.

We have no hesitancy in adhering to the rule announced in the Howlett case as applicable to the facts in this case, and concluding that the devise to the daughter Annie by the terms of the will did not create in her an estate in fee tail, but did create a contingent remainder in the children of the daughter Emma.

There is no question but that the more or less liberal construction that has been placed upon the word "children" in this connection in this and some other states is due in a measure to the effect of statutes giving adopted children the same rights as children or heirs at law of the person adopting them. The extent of adoption statutes is quite varied in different states. Ours in Kansas is known to be more liberal than those in some other states. It is as follows:

"Minor children adopted as aforesaid shall assume the surname of the person by whom they are adopted, and shall be entitled to the same rights of person and property as children or heirs at law of the person thus adopting them." (R. S. 38-107.)

Appellant draws a distinction between the adopted child of the testator and the adopted child of his son or daughter or some other person to whom he makes a devise or bequest, because there exists a moral obligation as to the one he has adopted which does not exist or extend to him as to one adopted by another, and cites the text in 28 R. C. L. 252 to that effect, and as a recognized distinction in construing the meaning of the word "child" or "children" when used in wills. This distinction, however, is not observed in this state, and the provisions of R. S. 22-118 with reference to descents and distributions have been held to apply to the adopted child of a daughter of the decedent to entitle such child to its mother's share in the estate of the grandmother. (*Riley v. Day*, 88 Kan. 503, 129

Pac. 124.) Mrs. Riley had a husband living and two children, Haida and Allie. Haida adopted a child named Gertie, and died in 1907. Thereafter Mrs. Riley, who owned a tract of land, died intestate. It was held that Gertie was entitled to recover her adopted mother's share, or one-fourth of the estate of Mrs. Riley. (See, also, *Dreyer v. Schrick,* 105 Kan. 495, 185 Pac. 30; *Riemann v. Riemann,* 123 Kan. 718, 256 Pac. 1004.)

Apparently neither the rule nor the reason for the rule cited above has been followed in this state. The generally liberal constructions thus given to the adoption provisions in this state strengthen the view heretofore taken as to the meaning of the word "children" when used in wills, and confirm our opinion expressed above, that in this case the will does not create an estate tail.

The judgment is affirmed.

JOCHEMS, J., not participating.