No. 29,401.

Elwin C. Houck, *Appellee*, v. W. S. Merritt et al., *Appellants*.

(289 Pac. 431.)

Opinion filed July 5, 1930.

*Joe Rolston,* of Burlington, *B. H. Lamb* and *W. E. Hogueland,* both of Yates Center, for the appellants.

*Ray S. Pierson,* of Burlington, *W. L. Huggins* and *O. T. Atherton,* both of Emporia, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action in ejectment and involves the title to eighty acres of land in Coffey county. The common source of title was in George M. Pennock, whose wife's death preceded his, and who died October 13, 1893, leaving a will, which was duly probated. The fifth paragraph of the will reads:

"I give and devise unto my beloved daughter, Mary E. Houck (the land in question is described), to her own use during her natural life, and at her death to her children, the issue of her body, in fee simple forever."

The testator had considerable property and several children, to whom he made bequests and devises, but it will not be necessary to set out the other provisions of the will, for the reason that there is nothing in any of the provisions of it which tends to modify or to destroy the meaning or force of the provision quoted. Jasper Houck, the husband of Mary E. Houck, died in 1895. The plaintiff in this action is the only child of Mary E. Houck. After the death of her first husband, Jasper Houck, she married John Mickens, from whom she was divorced in April, 1905. She died April 5, 1929, without having remarried. On January 26, 1906, Mary E. Mickens (formerly Mary E. Houck), for a consideration, recited to be $1,600, conveyed the property by general warranty deed to Jacob R. Ahlefeld. The deed recites that Elwin C. Houck (plaintiff in this action) and Margaret E. Houck, his wife, also were grantors. Their names appear as having signed the deed with Mary E.

Mickens, and the acknowledgment recites that all of them acknowledged the execution of the deed before the probate judge of Coffey county. Written on the back of the deed below the acknowledgment was an affidavit of Mary E. Mickens, sworn to before the probate judge on the same day the deed was acknowledged, in which the affiant stated that she was the daughter of George M. Pennock; that her first husband was Jasper Houck, who died in 1895; that by him affiant had one child, "who is living and is one of the grantors in this deed; that affiant has no other children; that said child, Elwin C. Houck, is more than twenty-one years of age"; that after the death of Jasper Houck she married John Mickens, from whom she had been divorced; that she had no children by Mickens; that she had never been married, except as aforesaid, and was then single, forty-five years of age, and that the land described was the land devised to her and her children by her father, George M. Pennock. This deed was recorded February 10, 1906. The grantee in that deed, Jacob R. Ahlefeld, went into possession of the real property, and in May, 1906, conveyed it by general warranty deed to J. A. Connell, who went into possession of the property, and who, on May 20, 1914, conveyed the property by general warranty deed to W. S. Merritt, the defendant in this action, who has since that time been in possession of the property.

On June 11, 1929, plaintiff brought this action, in which he alleged, in substance, that he is the legal owner of the real property, and that defendants unlawfully keep him out of possession thereof. The answer, in addition to a general denial, pleaded the statute of limitations (R. S. 60-304, clause 4), and by way of cross petition alleged ownership of the property in fee simple and adverse possession for twenty-three years, and prayed that plaintiff take nothing by his action, and that defendants' title be quieted. The reply was a general denial and an allegation that the defendants owned only the life estate of Mary E. Mickens in the property, which had expired by her death.

At the trial the plaintiff testified that he had never signed the deed of January 26, 1906, to Jacob R. Ahlefeld, and that his purported signature on that instrument was a forgery; that he was never married until 1909, and that he never knew any person whose name, Margaret E. Houck, appears on such deed as his wife. Much of the evidence of the case centers around the question of whether or not the plaintiff had signed or acknowledged that deed. On

this point the evidence was conflicting. In answer to a special question the jury found that he did not acknowledge the execution of the deed. Answering other questions, the jury found that the several grantees had been in the actual possession of the property and paid taxes thereon; that Connell and Merritt had intended to purchase the entire title to the property; that defendants had never recognized anyone else as having any right, title or interest in or to the land, and that since their purchase in 1914 they have been in the open, visible, notorious, hostile, exclusive and adverse possession of the premises. Among other things, the court instructed the jury that the will of George M. Pennock vested the fee-simple title to the land in question in the plaintiff, Elwin C. Houck; that under the terms of the will plaintiff was not entitled to the actual possession of the land until the death of his mother, Mary E. Houck, unto whom a life estate then was devised. Judgment was for plaintiff. Defendants have appealed.

Appellants contend that the fifth paragraph of the will of George M. Pennock created an estate tail in his daughter, Mary E. Houck, and that the general warranty deed of January 26, 1906, conveyed the full title of the property to the grantee, Jacob R. Ahlefeld; that this was true whether the plaintiff, Elwin C. Houck, joined in the execution of that deed or not, and hence that the question of whether he signed and acknowledged that deed is of no consequence. This contention must be sustained. Estates tail exist in Kansas (*Ewing v. Nesbitt*, 88 Kan. 708, 129 Pac. 1131). An estate tail is a freehold estate in which there is a fixed line of inheritable succession limited to the issue of the body of the grantee or devisee, and in which the regular and general succession of statutory heirs at law is cut off. (*Gardner v. Anderson, Trustee*, 116 Kan. 431, 227 Pac. 743. See, also, *Bryant v. Flanner*, 99 Kan. 472, 162 Pac. 280; *Grossenbacher v. Spring*, 108 Kan. 397, 195 Pac. 884; *Gardner v. Anderson, Trustee*, 114 Kan. 778, 227 Pac. 743; *Allen v. Pedder*, 119 Kan. 773, 241 Pac. 696; *Davis v. Davis*, 121 Kan. 312, 246 Pac. 982; *Wright v. Jenks*, 124 Kan. 604, 261 Pac. 840; *Lisman v. Marks*, 126 Kan. 344, 267 Pac. 963.) The provision of the will to be construed in this case, and above quoted, creates an estate tail under the definition and authorities above mentioned. The general warranty deed from Mary E. Mickens to Jacob R. Ahlefeld conveyed full title to the property. (See authorities above cited.) It is therefore immaterial whether the plaintiff in this action signed or ac-

knowledged that deed. Neither is it necessary to discuss other incidental questions argued in the briefs. The result is that the judgment of the court below must be reversed with directions to render judgment for defendants.

It is so ordered.