No. 33,564

HENRY MEYER, Revived in the Names of ROY MEYER and HARRY MEYER, Executors of the Last Will and Testament of Henry Meyer, Deceased, *Appellees*, v. CHRIS MEYER et al., *Appellants*.

(73 P. 2d 1007)

Opinion filed December 11, 1937.

*Jack Copeland, William M. Davison* and *Paul R. Nagle,* all of St. John, for the appellants.

*D. H. Donnelly,* of Stafford, *Robert Garvin, Evart Garvin* and *Morris Garvin,* all of St. John, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This was an action to quiet title to certain land in Stafford county. Service on defendants was by publication, and judgment quieting the title in the plaintiff, Henry Meyer, was entered January 24, 1936. The plaintiff Henry Meyer having died testate,

the action was duly revived in the name of his personal representatives. This appeal is from an order denying the motion of defendants to open the judgment under the provisions of G. S. 1935, 60-2530.

The will of Magretha Meyer provided: "I give, bequeath and devise to my beloved son, Henry Meyer, a life estate in and to the following described real estate" (description), "and at the death of my son, Henry Meyer, I give, bequeath and devise the aforesaid described real estate in fee simple to the heirs of his body."

The question presented is whether Henry Meyer took an estate tail under this will. If an estate tail was created, it was under the rule in Shelley's Case. After the Statute DeDonis passed in 1285, estates tail could be created in various modes. But in all cases where a life estate was given to a person with remainder to the heirs of his body, the estate tail thus created was under the operation of the rule in Shelley's Case.

We must construe the words "in fee simple to the heirs of his body" as used in the limitation in the will. In a fee-tail estate the heirs of the body do not take in fee simple; in a fee-simple estate the inheritance cannot be restricted to lineal descendants. Neither can transferees take in fee simple and in fee tail at one and the same time. What construction is to be given to these inconsistent expressions?

In *Benson v. Tanner*, 276 Ill. 594, 115 N. E. 191, the testator devised land to his niece as follows:

"Third, I give, devise and bequeath to my niece, Lucy A. Benson (here the property is described) for and during her natural life, remainder in fee simple to the heirs of her body." (p. 595.)

It will be observed the language is identical with the limitation in the case at bar. It was urged that Lucy A. Benson took an estate tail in the land, but the court held that she received only a life estate. After quoting from *Aetna Life Ins. Co. v. Hoppin*, 249 Ill. 406, 94 N. E. 669, the court said:

"This remainder is not in fee simple, because it is granted to the 'heirs of her body,' and is not in fee tail because the heirs of the body to whom the estate is restricted take in fee simple. . . . . The wording of the third clause of this will is such that the expression 'heirs of her body' must be construed as words of purchase, and as such they do not indicate the heirs who are to take from generation to generation, but only the individuals who may be her heirs at her decease. The remainder must be contingent because it is limited to an event—her death—and before that event the heirs of her body cannot be ascertained." (pp. 596, 597.)

In *DuBois v. Judy*, 291 Ill. 340, 126 N. E. 104, the limitation in a will before the court was as follows: "I give and devise to my son Woodson P. Green (description of the tract) to have and to hold for and during the term of his natural life and at his death to the heirs of his body *in fee simple*." (Italics inserted.) Following *Benson v. Tanner*, the court held that the will created a life estate in Woodson P. Green with a contingent remainder over.

We therefore hold that under the will of Magretha Meyer the devisee Henry Meyer received only a life estate. The remainder was contingent until the death of the life tenant. It seems from the record that the life tenant is now dead and that all of his children survived. If so, they now own the property in fee simple absolute. The motion of the defendants to open the judgment, and to be allowed to defend, should have been allowed.

The judgment is reversed and the cause remanded with directions to allow the motion to open the judgment, and to enter final judgment for the defendants.