No. 33,564

HENRY MEYER, Revived in the Names of ROY MEYER and HARRY MEYER, Executors of the Last Will and Testament of Henry Meyer, Deceased, *Appellees*, v. CHRIS MEYER et al., *Appellants*.

(86 P. 2d 493)

Opinion on second rehearing filed January 28, 1939. (For original opinion of reversal see 146 Kan. 907, 73 P. 2d 1007; on rehearing, 147 Kan. 664, 78 P. 2d 910.)

*Jack Copeland, William M. Davison* and *Paul R. Nagle,* all of St. John, for the appellants.

*D. H. Donnelly, Richard Donnelly,* both of Stafford, *Robert Garvin, Evart Garvin* and *Morris Garvin,* all of St. John, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: A second rehearing in this case was granted. (See *Meyer v. Meyer,* 146 Kan. 907, 73 P. 2d 1007; *Meyer v. Meyer,* 147 Kan. 664, 78 P. 2d 910.) Additional briefs have been filed and the case again argued at the bar of this court.

The will of Magretha Meyer provided:

"I give, bequeath and devise to my beloved son, Henry Meyer, a life estate in and to the following-described real estate (description) and at the death of my son, Henry Meyer, I give, bequeath and devise the aforesaid described real estate in fee simple to the heirs of his body."

In the original opinion it was determined that Henry Meyer received a life estate and not an estate tail. On the first rehearing we again held an estate tail was not created. After full argument and careful consideration we conclude that our ruling that the limitation in the will created a life estate in Henry Meyer, with a remainder over, is contrary to the established rule in this state and cannot stand. The reasons for our final judgment in the matter will be succinctly stated:

In *Davis v. Davis,* 121 Kan. 312, 246 Pac. 982, a testator devised property to his granddaughter, Vera Mable Davis, "for and during her natural life," subject to the condition that she and the testator's

other granddaughter should be charged with the care, keeping and maintenance of one Willie Kellogg. The will provided that upon the death of Willie Kellogg the title to the real estate "shall vest and become the property of the children born of the body of the said Vera Mable Davis, share and share alike." In holding that this limitation created an estate tail in Vera Mable Davis, the court cited and relied on *Ewing v. Nesbitt,* 88 Kan. 708, 129 Pac. 1131; *Gardner v. Anderson,* 114 Kan. 778, 227 Pac. 743, and 116 Kan. 431, 227 Pac. 743; *Allen v. Pedder,* 119 Kan. 773, 241 Pac. 696. The court also cited *Wright v. Gaskill,* 74 N. J. Eq. 742, where a devise to John and Elizabeth P. Gaskill "for and during the term of their natural life or lives" and after their death "to their lawful issue, in fee simple absolute" was said by the court to create an estate tail at common law.

In *Somers v. O'Brien,* 129 Kan. 24, 281 Pac. 288, land was conveyed to the grantee for life "and at her death in fee simple unto the issue of her body absolutely and forever." In holding this language created an estate tail, the court said:

"But there is language in the deed of 1916 which has the effect of creating an estate tail in Magdelina. The grant is not to her and her heirs and assigns, or to her for life and thereafter to her heirs and assigns, so as to carve the grant into two parts—a life estate to her, and the remainder to others. The grant is to her for life and 'at her death in fee simple unto the issue of her body,' the founding of a line of inheritance of the grantors' own choosing at variance with the mode of intestate succession prescribed by statute. It is therefore an estate tail. (*Gardner v. Anderson, Trustee,* 114 Kan. 778, 781, 227 Pac. 743; id., 116 Kan. 431, 434, 227 Pac. 743.)" (p. 28.)

In *Houck v. Merritt,* 131 Kan. 151, 289 Pac. 431, a testator devised property to his daughter, Mary E. Houck, "during her natural life, and at her death to her children, the issue of her body, in fee simple forever." It was held that Mary E. Houck took an estate tail in the land devised.

An examination of the briefs in the Houck case discloses that counsel in urging that a life estate only was created in Mary E. Houck called attention to the words "forever," "fee title forever," and "fee title" by printing these words in capital letters. The effect of the words "in fee simple" was therefore urged upon the court in that case and the expression to the contrary in *Meyer v. Meyer,* 147 Kan. 664, 668, 78 P. 2d 910, is inaccurate.

These cases have been accepted by the profession as the correct construction in this class of cases. They have established a rule of

property in this state, and must control the construction of the case before us. We therefore hold that under the will of Magretha Meyer her son, Henry Meyer, received an estate tail, and that a quitclaim deed from him would pass a fee-simple title. (*Wright v. Jenks,* 124 Kan. 604, 261 Pac. 840.) Accordingly the judgment of the trial court must be affirmed. It is so ordered.

ALLEN, J. (dissenting): The former opinions in this case accurately express my views.

SMITH, J., joins in this dissent.